RECEIVED
7-10-2008
JUL 10 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS
_____ DIVISION

Melissa Glikis
_____

(Name of the plaintiff or plaintiffs)

v.

Cook County Circuit Court
_____

(Name of the defendant or defendants)

08CV3923
JUDGE GETTLEMAN
MAG. JUDGE NOLAN

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is Melissa Glikis of the county of Cook in the state of Illinois.
3. The defendant is Cook County Circuit Court, who resides at (street address) 50 W. Washington (city) Chicago (county) Cook (state) Illinois (ZIP) 60602 (Defendant's telephone number) (312) - 603-6979

4) The plaintiff sought employment or was employed by the defendant at

(street address) __50 W. Washington__

(city) __Chicago__ (county) __Cook__ (state) __Illinois__ (ZIP code) __60602__

5. The plaintiff [check one box]

   (a) ☐ was denied employment by the defendant.

   (b) ☑ was hired and is still employed by the defendant.

   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

   (month) __November__, (day) __28__, (year) __2006__.

7. (a) The plaintiff [check one box] ☐ *has not* filed a charge or charges against the defendant ☑ *has*

   asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☑ the United States Equal Employment Opportunity Commission on or about
   (month) __June__ (day) __6__ (year) __2007__.

   (ii) ☑ the Illinois Department of Human Rights on or about
   (month) __October__ (day) __13__ (year) __2007__.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is
   attached. ☑ YES ☐ NO

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

8. (a) ☑ the United States Equal Employment Opportunity Commission has not issued a

   *Notice of Right to Sue.*

(b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [check all that apply]

   (a) ☐ Age (Age Discrimination Employment Act).
   (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c) ☑ Disability (Americans with Disabilities Act)
   (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
   (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

    ☐ YES    ☑ NO

11. Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); over 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; over the A.D.E.A. by 42 U.S.C.§12117.

12. The defendant [check all that apply]

    (a) ☐ failed to hire the plaintiff.
    (b) ☐ terminated the plaintiff's employment.
    (c) ☐ failed to promote the plaintiff.
    (d) ☐ failed to reasonably accommodate the plaintiff's religion.
    (e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

(f) [✓] other (specify): Please view attachments.

_____
_____
_____
_____
_____
_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

_____
_____
_____
_____
_____
_____

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury.    [ ] YES   [✓] NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check all that apply]

(a) [ ]   Direct the defendant to hire the plaintiff.

(b) [ ]   Direct the defendant to re-employ the plaintiff.

(c) [ ]   Direct the defendant to promote the plaintiff.

(d) [ ]   Find that the defendant failed to reasonably accommodate the plaintiff's religion.

(e) [✓]   Find that the defendant failed to reasonably accommodate the plaintiff's disabilities.

(f) [ ]   Direct the defendant to (specify):_____

_____

Melissa Glikis
#19

# Piyush C. Buch, M.D., P.C.

7480 West College Drive, Suite 203, Palos Heights, IL 60463
(708) 361-0540     Fax: (708) 361-1897

Wayne Cebrzynski, L.C.S.W.
Licensed Clinical Social Worker

Alice Epley-Tischer, L.C.S.W.
Licensed Clinical Social Worker

Michele Tantillo, L.C.S.W.
Licensed Clinical Social Worker

October 10, 2005

To Whom It May Concern:

This letter is to verify that Melissa Glikis continues to be under my care. She was under my care from October 5, 2005 and was unable to work during this time. She is returning to work on Tuesday, October 11, 2005 with no restrictions.

If you have any questions, please feel free to call.

Sincerely,

Piyush C. Buch, M.D.
PCB/as

Melissa Glikis
#20


**AFSCME Illinois**
Personal Support Program



American Federation of State, County and Municipal Employees, AFL-CIO

29 North Wacker Drive • 7th Floor
Suite 704 • Chicago, Illinois 60606
312.629.1550 • FAX 312.629.1558
TTY 1.800.526.0844
www.afscme31.org

## Appointment Verification

Date: 10/11/05

To Whom It May Concern:

This letter is to verify that __Melissa Glikis__
                                 Name of Employee (Print)

had an appointment with the Personal Support Program on

__10/11/05__ at __9:15 Am__.
   Date              Time

The Personal Support Counselor who saw the Employee

was _____.
     Counselor's Name (Print)

Further information may only be disclosed with the

Employee's written consent.

Sincerely,

_____
Counselor's Signature

# COOK COUNTY
## DEPARTMENT OF HUMAN RESOURCES
## MEDICAL DIVISION
### ROOM 849 - COOK COUNTY BUILDING
### PHYSICIAN'S APPROVAL TO RETURN TO WORK

TO: DEPARTMENT HEAD

| MELISSA GLIKIS | CLERK |
|---|---|
| EMPLOYEE'S NAME | TITLE |

| 11750 S. HOMAN |
|---|
| ADDRESS |

| CIRCUIT COURT |
|---|
| DEPARTMENT |

IT IS IN MY OPINION THAT THE PHYSICAL CONDITION OF THE PERSON NAMED ABOVE IS SUCH THAT HE OR SHE CAN RETURN TO WORK ON <u>NOVEMBER 28, 2006</u> THEREFORE, I HAVE ADVISED HIM/HER TO REPORT TO HIS/HER PERSONNEL DEPARTMENT AT THIS TIME.

HOWEVER, ALL RESTRICTIONS (IF LISTED BELOW) ARE PER THE DISCRETION OF THE EMPLOYEE'S DEPARTMENT, ONLY IF THE RESTRICTIONS CAN BE ACCOMMODATED FOR THE ABOVE JOB TITLE. (UPDATED MEDICAL DOCUMENTATION MUST BE PRESENTED WHEN EMPLOYEE RETURNS FOR RE-EVALUATION.)
*****************************************************************************

SHERIFF AND CORRECTION EMPLOYEES ONLY!
IF RESTRICTIONS ARE ISSUED, YOU MUST FIRST REPORT TO THE PERSONNEL DEPARTMENT, ROOM 702, DALEY CENTER FOR CLEARANCE.
.........................................................................

NOVEMBER 28, 2006

DATE

_____, MD
DANYALE WALLACE, M.D.

[FILED-1 2008 JUN -9 PM 1:03 DOROTHY BROWN CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS LAW DIVISION]

[COPY]



**DOROTHY BROWN**
CLERK OF THE CIRCUIT COURT



Human Resources
Richard J. Daley Center
Room 1003
Chicago, Illinois 60602
(312) 603-4671
FAX (312) 603-5043
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

PERSONAL AND CONFIDENTIAL
Via First Class and Certified Mail Return Receipt Requested

January 31, 2008

Melissa Glikis
11750 South Homan Avenue, #241A
Merrionette Park, IL 60803

Dear Ms. Glikis:

This letter serves as notification to you that the records of the Office of the Clerk of the Circuit Court of Cook County (Clerk's Office) indicate you are presently on an unauthorized leave of absence from the workplace. The Clerk's Office's records also indicate the following information listed below.

On October 4, 2005, you left the Clerk's Office on an approved Disability Leave of Absence ("DLOA"). At the time you left on your DLOA, you were assigned to the Law Division as a Clerk 4 Senior (Grade 10). On September 11, 2006, you were expected to return from your DLOA. On September 21, 2006, you requested an extension, submitting a Disability Claim form dated September 11, 2006, which included a Doctor's Note ("Doctor's Note"). Your extension was approved until November 9, 2006. Within the Doctor's Note there was a request for you to be reassigned "to a work location closer to your residence such as Bridgeview or Markham." It also stated that you were "unable to cope with anxiety provoked by being in an overstimulating environment."

On November 9, 2006, you failed to report to work and you were re-scheduled to return to work on November 15, 2006. You again failed to return to work on November 15, 2006 and you subsequently called requesting additional time before reporting to work.

On November 29, 2006, you appeared, unscheduled, at the Clerk's Office Labor Relations Department to be reinstated to work from your DLOA. You met with me and Benefits Coordinator/HR Legal Analyst Ada Etolue, where we explained that based upon the information in your September 11, 2006 Doctor's Note, the Clerk's Office was prepared to re-assign you to the Child Protection Division as a Clerk IV Senior (Grade 10) because it is a less stressful environment than the Law Division. You refused the offer to be placed at the Child Protection Division questioning whether the Juvenile Court House was in a "safe neighborhood." You stated that you preferred an assignment in Markham or Bridgeview. It was explained to you that there were no openings at those locations at your grade and salary. You then asked if you could return to your position in the Law Division and you were asked to submit additional information from your medical doctor to clarify whether you were medically cleared to return to the Law Division. The Clerk's Office then received a medical statement from your doctor dated January 3, 2007, stating that you were "unable to work in a Downtown location", such as is the Law Division.

*Glikis Letter*
*January 31, 2008*                                                              *page 2*

Since then, the Clerk's Office has engaged in efforts to reinstate you into an employment position that accommodates your medical needs, however, the Clerk's Office received an EEOC charge of discrimination filed by you dated June 25, 2007.

This letter serves as a notification to you that you are presently on an unauthorized leave of absence from the workplace and need to resolve this issue immediately. Please report to the County Medical Doctor, located at 118 N. Clark St., 8th Floor, by February 11, 2008, to receive a release from the County Doctor to return to work. Please take with you a current medical release from **your doctor** authorizing you to return to work, indicating any and all specific limitations or restrictions you have. Once you have obtained the County Doctor's release to return to work, bring your release to me in the Labor Relations Department located in the Daley Center, Room 1003.

Please note that although the Clerk's Office has no control over the "outside environmental influences" surrounding the areas where its offices are located and the Clerk's Office is not responsible for an employees travel to and from work, currently the only positions available are your previous position in the Law Division and a Clerk 4 Senior Grade 10 in the Second Municipal District, Skokie, IL. You should also note that if you do not return to work by February 11, 2008, you may be disciplined up to and including discharge.

If you experience any difficulty with complying with returning to work, please contact me at 312-603-6979 by February 11, 2008. If you have any questions about any of the above, feel free to call me as well.

Sincerely,

*Hollis Healy*
Hollis Healy
Chief Deputy Clerk for Labor Relations

cc:   Hon. Dorothy Brown
      Gail L. Lutz
      Robbin Perkins
      Personnel File
      Chronology
      Union

# *Piyush C. Buch, M.D., P.C.*

7480 West College Drive, Suite 203, Palos Heights, IL 60463

(708) 361-0540    Fax: (708) 361-1897

*Wayne Cebrzynski, L.C.S.W.*
Licensed Clinical Social Worker

*Alice Epley-Tischer, L.C.S.W.*
Licensed Clinical Social Worker

*Michele Tantillo, L.C.S.W.*
Licensed Clinical Social Worker

*Susan K. Steffey, L.C.P.C.*
Licensed Clinical Professional Counselor



February 7, 2008

Cook County Labor Relations Department
Attention: Hollis Healy

Dear Ms. Healy,

This letter is to verify that Melissa Glikis is cleared to return to work. It is of great concern to us that Ms. Glikis continue being seen on a weekly basis for psychotherapy and on a monthly basis for medication management in order to maintain her stability. Our office is located approximately 3 to 4 miles from Ms. Glikis' residence; it is also in the vicinity of both the Markham Courthouse and the Bridgeview Courthouse (see enclosed map). Allowing her to transfer to either of these facilities would be beneficial in maintaining her treatment regimen with our office.

The possibility of relapse related to Ms. Glikis' condition of anxiety (defined as an overabundance of fear) and the related behavioral symptoms she has experienced ie: rapid breathing, heart palpitations, sleep disorder, chest pain, vertigo, nausea, hyper-vigilant response may increase if she returns to the Daley Center for assigned employment. The nature of this setting has proven to be over-stimulating for Melissa in the past (as explained in letter dated 11-09-06). As you may know, situations or places unfamiliar often provoke an anxious reaction in a person who has an anxiety disorder.

Once again, for the benefit of Melissa Glikis a transfer to a location close to our office where she has been receiving treatment services for over 4 years is being recommended and requested.

If you have any questions or need any other information please feel free to contact me at the above number.

Respectfully,

*Alice Epley-Tischer*
Alice Epley-Tischer, L.C.S.W.
AET/as



_____
_____
_____
_____
_____

(g) ☐ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) _Melissa Glikis_

(Plaintiff's name) _Melissa Glikis_

(Plaintiff's street address) _11750 S. Homan Ave., Lot 241A_

(City) _Merrionette Pk._ (State) _Illinois_ (ZIP) _60803_

(Plaintiff's telephone number) (708) – _601-6345_