IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA J. GLIKIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 08 CV 3923 |
| ) | |
| COOK COUNTY CIRCUIT COURT ) | Judge Gettleman |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Cook County Circuit Court, by and through its attorney, Richard A. Devine, State's Attorney of Cook County, and his Assistant State's Attorney, Gillian D. Marshall, and pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(2) move to dismiss Plaintiff's complaint. In support thereof, Defendants state as follows:

### Introduction

Plaintiff, Melissa Glikis, brings this Complaint alleging employment discrimination, regarding her employment with the Office of the Clerk of the Circuit Court of Cook County. Plaintiff alleges that Defendant discriminated against her because of Plaintiff's "disability" and failed to reasonably accommodate Plaintiff's "disabilities." Defendant, Cook County Circuit Court seeks dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P 12(b)(2) because Plaintiff has filed this Complaint naming the Cook County Circuit Court as the sole defendant and the named defendant is a non-suable entity.

### Standard of Review

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations." *Tate v. Cook County Sheriff's Merit Board*, 2007 U.S. Dist. Lexis74925 (Oct. 5, 2007). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. <u>Gomez v. Illinois State Bd. of Ed.</u>, 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1369 (7th Cir. 1997). Under Fed. R. Civ. P. 12(b)(2) once a defendant moves to dismiss a claim for lack of personal jurisdiction, the plaintiff bears the burden of showing a *prima facie* case of personal jurisdiction. *Lakeview Tech, Inc. v. Vision Solution Inc., 2007 U.S. Dist. Lexis 1333* (Jan. 9, 2007); *Gorman v. Goldcorp, Inc., 2007 U.S. Dist Lexis 86492* (Nov. 26, 2007).

## Argument

### The Cook County Circuit Court is a non-suable entity

The capacity of a governmental corporation to be sued in federal court is determined by the law of the forum state. Fed. R. Civ. P. 17(b). Under Illinois law, the Cook County Circuit Court has no legal existence separate and apart from Cook County. The General Assembly creates an office or position to be filled by one person. It does not create a governmental entity or agency having an existence separate from the person who fills it. *See Suarez v. Cook County Clerk's Office, 2002 U.S. Dist. LEXIS 24109.* In Illinois, a defendant must have the legal capacity to be sued. *See Kozlowski v. Fry, 2001 U.S. Dist. Lexis 990; Richardson v. County of Cook,* 250 Ill.App.3d 544, 621 N.E.2d 114, 116-117 (1st Dist. 1993).

Illinois counties are considered legal entities, and under 55 ILCS 5/5-1001 (West 2008), can be sued in court. Departments within a governing body lack the required separate legal existence to be held accountable. *Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 306

(7th Cir. Ill. 1993); *Jones v. County of Cook, 2004 U.S. Dist. LEXIS 23547*(N.D. Ill. Nov. 18, 2004); *McKinney v. Sheahan*, 2007 *U.S. Dist. LEXIS 84428* (N.D. Ill. Nov. 15, 2007); *Suarez v. Cook County Clerk's Office, 2002 U.S. Dist. LEXIS 24109* (N.D. Ill. Dec. 17, 2002) (finding that the Cook County Clerk's Office lacks a separate and independent existence from its governing elected official and is therefore, a non-suable entity). In the instant case, the named Defendant has no legal existence, therefore, this Court lacks jurisdiction and dismissal pursuant to Rule 12(b)(2) and 12(b)(6) is warranted.

## Conclusion

WHEREFORE, for all the foregoing reasons, Defendant, Cook County Circuit Court, respectfully requests that this Honorable Court dismiss Plaintiff's complaint of Employment Discrimination in its entirety.

Respectfully submitted,

**Richard A. Devine**
State's Attorney of Cook County

By:   /s/ Lisa M. Meador
      Lisa M. Meador
      Gillian D. Marshall
      Assistant State's Attorneys
      Labor and Employment Division
      500 Richard J. Daley Center
      Chicago, Illinois 60602
      (312) 603-4366
      ARDC No. 6270259